UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

**DOREEN MOGAVERO,**

                                    *Plaintiff,*          Docket No. _____

        -against-                                         **COMPLAINT**

                                                          Jury Trial Demanded

**PENN MUTUAL LIFE INSURANCE COMPANY,**

                                    *Defendant.*

-------------------------------------------------------------X

Plaintiff, DOREEN MOGAVERO ("MOGAVERO"), by her attorneys, Egan & Golden, LLP, complaining of the defendant, PENN MUTUAL LIFE INSURANCE COMPANY ("PENN MUTUAL"), respectfully alleges:

## Preliminary Statement

1.      Plaintiff brings the within action for breach of contract against the defendant, based upon PENN MUTUAL's failure to abide by the terms of a disability insurance policy issued to plaintiff, wherein plaintiff duly filed a claim for disability benefits, and PENN MUTUAL refused or otherwise failed to make payment.

2.      This court has jurisdiction over the subject matter of the this action, by reason of the diversity of citizenship, pursuant to 28 USC §1332, as the plaintiff is a citizen of the State of New York, defendant corporation is a citizen of the

Commonwealth of Pennsylvania, and the amount in controversy is in excess of $75,000, exclusive of interest, costs and disbursements.

3.     Venue is properly placed in this district, pursuant to 28 USC §1391(b)(2), as the place in which a substantial part of the events or omissions giving rise to the claim occurred; and 28 USC §1391(b)(3), as the place where defendant is subject to the court's personal jurisdiction with respect to this action.

## Parties

4.     Plaintiff is a resident of the State of New York, County of Richmond.

5.     Upon information and belief, defendant PENN MUTUAL is a foreign corporation, with its "Home office" located at 600 Dresher Road, Horsham, Pennsylvania 19044, and its Disability Income Division location at 1250 State Street, Springfield, Massachusetts 01133.

6.     Upon information and belief, PENN MUTUAL is authorized to do business in the State of New York, and maintains offices in the State of New York in various locations.

## Material Facts

7.     MOGAVERO is an insured under a disability income policy issued by PENN MUTUAL on or about August 9, 1989, under policy no. H7686114, with a "Policy Date" of September 1, 1989.  The total annual premium as of the date of

issue was $4,282.73/year. A copy of the policy is annexed hereto as **Plaintiff's Exhibit "A"**.

8.    At all relevant times, MOGAVERO's disability insurance policy with PENN MUTUAL was, and still is, in full force and effect, and all premiums owed by MOGAVERO on said policy have been full paid.

9.    Section 2 (Disability Defined) defines "Total Disability" as follows:

> You will be considered *totally* disabled if all these conditions are met:
>
> - You are unable to do the substantial and material duties of your regular occupation. Your regular occupation is your usual work when total disability starts. If you are retired and not working when total disability starts, your regular occupation will be the normal activities of a retired person of like age.
> - Your total disability starts while this policy is in force.
> - Your total disability results from sickness or injury.
> - You are receiving medical care from a doctor which is appropriate for the injury or sickness. When in the opinion of the doctor future care would be of no benefit to you, then the requirement of receiving medical care will be considered to be met. *Doctor* means all providers of medical care other than yourself, when such services are within the scope of the provider's licensed authority.
>
> (See, Plaintiff's Exhibit "A", Disability Income Policy, Section 2, at page 3)

10.    "Residual Disability" (*i.e.*, partial disability) is defined as follows:

> You will be considered *residually disabled* if all these conditions are met:

- You are able to do some, but not all of the substantial and material duties of your regular occupation, or you are able to do all of the substantial and material duties of your regular occupation but for less than full time.
- You are working, and your earnings during a month do not exceed 80% of your pre-disability earnings.
- Your residual disability results from sickness or injury.
- You are receiving medical care from a doctor which is appropriate for the injury or sickness.

(See, Plaintiff's Exhibit "A", Disability Income Policy, Section 2, at page 3)

11.    In accordance with Section 3 (Disability Benefits), the policy provides that "(f)or each continuous period of total disability that starts while this policy is in force, we will pay you a benefit."

12.    Similarly, the policy provides that "(f)or each continuous period of residual disability that starts while this policy is in force we will pay you a benefit."

13.    On or about July 3, 2014, MOGAVERO had left patellofemoral knee replacement surgery knee surgery at the Hospital for Special Surgery in New York. The surgery was performed by Geoffrey Westrich, M.D., and MOGAVERO continued to see Dr. Westrich for post-operative follow-ups and treatment.

14.    MOGAVERO's injury was not the result of any causes excluded from the policy coverage.

15.    As a result of MOGAVERO's knee surgery and Baker's cysts, she attempted to return to her occupation as a trader on the New York Stock Exchange, but was unable to do the substantial and material duties of her job.

16.    At various times since her knee surgery, MOGAVERO has been able to do some, but not all of the substantial and material duties of her regular occupation as a trader on the New York Stock Exchange, or she has been able to do all of the substantial and material duties as a trader, but for less than full time.

17.    Thereafter, on or about April 13, 2017, MOGAVERO formally submitted a disability claim to PENN MUTUAL under the disability income policy.  The claim was processed through Disability Management Services, Inc., a self-described "third party administrator" for PENN MUTUAL, with offices located at 1350 Main Street, Springfield, Massachusetts 01103-1641.

18.    At the time the claim was submitted, MOGAVERO's disability income policy with PENN MUTUAL was current on all premium payments, and her policy was in full force and effect.

19.    At the time the claim was submitted, MOGAVERO was entitled to receive total disability or residual disability income benefits from PENN MUTUAL.

20.    MOGAVERO has supplied PENN MUTUAL and Disability Management Services, Inc. with all requested claims information, financial

records, medical authorizations and other pertinent document which would enable defendant to adjust the claim for disability income benefits, and make payment on said claim.  In addition, MOGAVERO has submitted herself to an independent medical examination at defendant's request.

21.    MOGAVERO has fully complied with all of her obligations under the disability income policy.

22.    MOGAVERO has fully complied with all of the applicable requirements regarding the submission of her claim for disability income benefits under the policy.

23.    To date PENN MUTUAL has refused or otherwise failed to acknowledge MOGAVERO's entitlement to disability income benefits under the policy.

24.    PENN MUTUAL has refused or otherwise failed to pay MOGAVERO any disability income benefits under the policy in spite of due demand by plaintiff.

25.    As per the policy, the within action has been commenced more than sixty (60) days after MOGAVERO submitted her claim for disability income benefits and proof of loss.  Moreover, the within action has been commenced within three (3) years of MOGAVERO's claim for disability income benefits.

## FIRST CAUSE OF ACTION

26.     As a result of PENN MUTUAL's refusal or failure to pay MOGAVERO disability income benefits under the policy, she has been damaged, and she continues to suffer financial losses for defendant's failure to make monthly payments as required by the policy.

27.     By reason of the foregoing breach of contract, MOGAVERO has been damaged by defendant PENN MUTUAL in a sum that exceeds $75,000.00, plus interest from the date of her claim (*i.e.*, April 13, 2017).

## SECOND CAUSE OF ACTION

28.     Plaintiff repeats and realleges each statement of fact contained in paragraphs "1" through "25" with the same force and effect as if fully set forth herein.

29.     Beginning on August 9, 1989 when PENN MUTUAL issued the disability income policy to MOGAVERO, she has dutifully paid each and every policy premium on a timely basis, believing she would receive disability income if and when the need arose.

30.     PENN MUTUAL's refusal and failure to abide by the terms and conditions of the disability income policy, as well its failure to timely adjust (*i.e.*, consider) MOGAVERO's claim for benefits, evidences bad faith.

31. PENN MUTUAL accepted the premium payments from MOGAVERO, knowing full well that it never intended to make payment on any disability claim she might bring.

32. As a result of PENN MUTUAL's actions, it has been unjustly enriched at MOGAVERO's expense.

33. As a result, MOGAVERO has been damaged, and should be entitled to recover all premiums paid to PENN MUTUAL since the inception of the disability income policy.

34. By reason of the foregoing, MOGAVERO has been damaged by defendant PENN MUTUAL in a sum that exceeds $75,000.00, plus interest from the date of her claim (*i.e.*, April 13, 2017).

WHEREFORE, plaintiff demands judgment against the defendant:

**(a)** on the First Cause of Action in a sum to be determined by this Court that exceeds $75,000.00, together with interest from the date of her claim (*i.e.*, April 13, 2017), and the cost and disbursements of this action, and;

**(b)** on the Second Cause of Action in a sum to be determined by this Court that exceeds $75,000.00, together with interest from the date of her claim (*i.e.*, April 13, 2017), and the cost and disbursements of this action.

Dated:  November 21, 2017
        Patchogue, New York

Respectfully submitted,

EGAN & GOLDEN, LLP
*Attorneys for Doreen Mogavero*

By: _____

Michael Garabedian (MG-8364)
96 S. Ocean Avenue
Patchogue, New York 11772
Phone: (631) 447-8100
garabedian@egangolden.com

<u>ATTORNEY'S VERIFICATION BY AFFIRMATION</u>

I, the undersigned, am an attorney admitted to practice in the Courts of New York State, and say that:

I am the attorney of record, or of counsel with the attorney(s) of record, for the plaintiff.

I have read the annexed COMPLAINT, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true. My belief as to those matters therein not stated upon knowledge is based upon the following: Contents of Affirmant's file.

The reason I make this affirmation instead of plaintiff is because the plaintiff resides outside of the county in which your deponent maintains his office.

Dated: Patchogue, New York
      November 21, 2017

 

 

**MICHAEL GARABEDIAN**

EXHIBIT A



# The Penn Mutual
# Life Insurance Company

A mutual company
Home office: Independence Square, Philadelphia, Pennsylvania 19172
Disability Income Division: One Monarch Place, Springfield, Massachusetts 01133

## DISABILITY INCOME POLICY

### Noncancellable and Guaranteed Continuable to Age 65 at Guaranteed Premiums

**Insured: DOREEN MOGAVERO**

**Date of Issue:** 08/09/89

**Policy Number:** H7686114

**Policy Date:** 09/01/89

| | |
|---|---|
| **Please Read This Policy Carefully** | This policy is a legal contract between you and us. *Please read it carefully.* We want you to understand the coverage it provides. |
| | In this policy, the word *you* refers to the Insured shown in the policy schedule. *We* or *us* refers to The Penn Mutual Life Insurance Company. |
| **Coverage Provided by This Policy** | Subject to all provisions of this policy, we insure you against disability or other loss resulting from: |
| | • *sickness*, which first makes itself known while this policy is in force; or |
| | • *injury*, which is accidental bodily injury that occurs while this policy is in force. |
| | Throughout this policy, we will use the words sickness and injury as we have just defined them. |
| **Your Right to Continue This Policy to Age 65** | You can continue coverage to age 65. *Age 65* means the premium due date on or next after your 65th birthday. As long as you pay the required premiums on time, we cannot cancel this policy, change any provisions or increase the premium. |
| **Your Conditional Right to Continue This Policy After Age 65** | After age 65, if you pay the required premiums on time, you can continue coverage until the first premium due date on which you are no longer regularly and gainfully working full time, at least 30 hours per week. We can require reasonable proof of such work. |
| | If we accept a premium covering a period after the policy ends, this policy will stay in force until the end of the period. After age 65 we have the right to change our rates for this policy. See Section 7 "Your Premium Payments" for details. |
| **Ten-Day Right to Examine This Policy** | You can return this policy within 10 days after receiving it. Mail or deliver it to our Disability Income Division or to the agent who sold it. The returned policy will be treated as if we never issued it. We will promptly refund any premium paid. |

*Isabel R. Welsm*
Secretary

*John E. Tait*
Chairman

Class E

DCDR 1 88 FR

NY

# Policy Contents

| | |
|---|---|
| **Sections In This Policy** | 3 Your Contract With Us<br>3 Disability Defined<br>4 Disability Benefits<br>5 Losses Not Covered<br>5 Other Provisions Affecting Benefits<br>6 Claims For Benefits<br>7 Your Premium Payments<br>8 Automatic Benefit Increases<br>9 Other Important Provisions |

**Where to Find It**

3 authority to make changes
9 automatic increases
7 beneficiary
7 claim procedure
9 contesting this policy
1 continuing this policy
6 continuous periods of disability
3 contract
3 earnings
9 dividends
3 effective date
4 First Benefit Day
8 grace period
1 injury
6 legal actions
4 Maximum Benefit Period
4 Monthly Benefit for Total Disability
9 military service

2 notices to us
6 not covered
10 ownership and transfer of rights
8 premium payments
8 premium refund at death
5 presumptive total disability
3 regular occupation
6 rehabilitation
8 reinstating this policy
4 residual disability benefit
3 residual disability defined
1 sickness
4 total disability benefit
3 total disability defined
6 transplant donor
5 waiver of premiums

**Policy Schedule**

The policy schedule comes right after this page. It gives specific facts about this policy and its coverages. Please refer to it while reading this policy.

**Sending Notice to Us**

Any written notices or other correspondence should be sent to our Disability Income Division. The address is shown on the front of this policy. Please include your name and policy number.

## Section 1. Your Contract With Us

**This Policy Is A Contract**

This policy is a contract between you and us. We provide the insurance coverage stated in this policy. We do this in return for your application and payments called premiums. The premiums for this policy are shown in the policy schedule.

Whenever we use the word *policy*, we mean the entire contract. The entire contract consists of:

- the basic policy;
- the application, a copy of which is attached; and
- any attached riders.

Riders add provisions or change the terms of the basic policy.

**Authority to Make Changes**

No changes in this policy will be valid until approved by one of our executive officers. This approval must be attached to this policy or endorsed on it. No agent has authority to change or waive any of the provisions of this policy.

**Policy Effective Date**

This policy goes into effect at 12:01 A.M. on the Date of Issue shown in the policy schedule, or on the day we receive the full first premium if later. On the day this policy ends it ceases to be in effect at 12:01 A.M. All times are Standard Time at the place you then reside.

The full first premium is the premium under the payment plan you choose. See Section 7 for the premium payment plans permitted under this policy. Your initial payment plan is shown in the application for this policy.

**Policy Date**

The Policy Date is shown in the policy schedule. It is used to figure all premium due dates, policy years and anniversaries.

## Section 2. Disability Defined

This policy provides benefits for total and residual disability. Here we explain what these terms mean. We also define other terms used in this policy.

**Total Disability Defined**

You will be considered *totally disabled* if all these conditions are met:

- You are unable to do the substantial and material duties of regular occupation. Your *regular occupation* is your usual work when total disability starts. If you are retired and not working when total disability starts, your regular occupation will be the normal activities of a retired person of like age.
- Your total disability starts while this policy is in force.
- Your total disability results from sickness or injury.
- You are receiving medical care from a doctor which is appropriate for the injury or sickness. When in the opinion of the doctor future care would be of no benefit to you, then the requirement of receiving medical care will be considered to be met. *Doctor* means all providers of medical care other than yourself, when such services are within the scope of the provider's licensed authority.

**Residual Disability Defined**

You will be considered *residually disabled* if all these conditions are met:

- You are able to do some, but not all of the substantial and material duties of your regular occupation, or you are able to do all of the substantial and material duties of your regular occupation but for less than full time.
- You are working, and your earnings during a month do not exceed 80% of your pre-disability earnings.
- Your residual disability results from sickness or injury.
- You are receiving medical care from a doctor which is appropriate for the injury or sickness.

3

| | |
|---|---|
| **Residual Disability Defined (Continued)** | *How We Calculate Your Loss of Earnings*<br>Your *loss of earnings* equals your pre-disability earnings minus your earnings during each month of residual disability. Your *earnings* means compensation for work you have done. For instance, salary, wages, commissions or fees. Earnings also include contributions to pension and profit sharing plans. Earnings are credited to the period in which they are received. However, earnings earned but not received before the start of disability will be excluded from earnings during disability. Earnings do not include:<br>• dividends, interest, rent, royalties or other investment income;<br>• income from any annuity, pension or deferred compensation plan; or<br>• amounts deductible from gross income as a business expense for federal income tax purposes.<br><br>Your *pre-disability earnings* means the greater of:<br>• your average monthly earnings for the 12 months before disability starts; or<br>• your highest average monthly earnings for any 24 consecutive months in the 60 months before disability starts.<br><br>We will require reasonable proof of any loss of earnings.<br><br>Pre-disability earnings will increase during each disability that continues for at least one year. Pre-disability earnings will be multiplied by the Benefit Factor. The Benefit Factor for the year starting on the first anniversary of disability is 1.050. On each subsequent anniversary the Benefit Factor for the next year is determined by multiplying the factor for the previous year by 1.050. |

## Section 3. Disability Benefits

| | |
|---|---|
| **Total Disability Benefit** | For each continuous period of total disability that starts while this policy is in force, we will pay you a benefit. Disability must continue through the First Benefit Day shown in the policy schedule. Starting with the First Benefit Day we will pay the benefit for as long as your disability continues. But we will not pay benefits for a period longer than the Maximum Benefit Period shown in the policy schedule.<br><br>*For example: Suppose your First Benefit Day is the 31st day of total and/or residual disability. You have a total disability that lasts for 5 months. You would not receive benefits for the first 30 days. But you would receive benefits for the next 4 months.*<br><br>*Amount of The Benefit*<br>For each full month of total disability, we will pay you the Monthly Benefit for Total Disability. The amount of this benefit is shown in the policy schedule. For a period of total disability that is less than a month, we will pay 1/30th of this benefit for each day. |
| **Residual Disability Benefit** | For each continuous period of residual disability that starts while this policy is in force we will pay you a benefit. Disability must continue through the First Benefit Day shown in the policy schedule. Starting with the first Benefit Day we will pay the benefit for as long as your disability continues. But we will not pay residual benefits if the combined period for which total and residual disability benefits are paid exceeds:<br>• the Maximum Benefit Period; or<br>• 24 months after your 63rd birthday.<br><br>Also we will not pay residual benefits if disability starts after your 65th birthday. |

4

| | |
|---|---|
| **Residual Disability Benefit (Continued)** | *For example: Suppose your First Benefit Day is the 31st day of the total and/or residual disability. You are residually disabled for 3 months and totally disabled thereafter. You would not receive benefits for the first 30 days. But you would receive residual disability benefits for the next 2 months and then total disability benefits thereafter.*<br><br>*Amount of The Benefit*<br>For each month during which you are residually disabled, we will pay you a portion of the Monthly Benefit for Total Disability. The portion is your loss of earnings divided by your pre-disability earnings. For example: Suppose you are residually disabled. Your current monthly earnings are $2,000. Your pre-disability earnings were $5,000. Your loss of earnings is $3,000. Your residual disability benefit for that month will be 60% ($3,000/$5,000) of the Monthly Benefit for Total Disability.<br><br>During the first six months in which you are entitled to residual benefits we will pay you the greater of:<br>• 50% of the Monthly Benefit for Total Disability; or<br>• the residual disability benefit determined for each month.<br><br>If your loss of earnings is more than 75% of your pre-disability earnings, we will pay you the full Monthly Benefit for Total Disability.<br><br>If benefits during a month are paid for both total and residual disability the combined benefit determined for that month cannot exceed the Monthly Benefit for Total Disability. |
| **Presumptive Total Disability** | If sickness or injury results in a specified loss, then you will be deemed to be totally disabled for as long as the loss lasts. You will be deemed totally disabled even if you are working. You will not need to be receiving medical care. A specified loss is total and permanent loss of:<br>• speech, hearing in both ears, or sight in both eyes;<br>• use of both hands or both feet; or<br>• use of a hand and a foot<br><br>If a specified loss occurs:<br>• we will pay the benefit starting on the date of loss; and<br>• if loss starts before your 65th birthday the Monthly Benefit for Total Disability will be paid for life. |
| **Return to Work Full-Time Benefit** | Following a period of total or residual disability which has continued to the First Benefit Day we will pay a benefit in accordance with the following:<br>• You must be working full-time.<br>• You must have at least a 20% loss of earnings.<br>• The loss of earnings must be due to the same sickness or injury which caused the period of disability.<br>• The benefit will be calculated and paid in the same way, and for not longer than, as if you were residually disabled. |
| **Benefit If You Die While Disabled** | If you die while receiving benefits under this policy and if you were totally disabled for at least 24 months prior to your date of death, we will pay a benefit to your beneficiary. We will pay the Monthly Benefit for Total Disability for up to three months but not beyond the remainder of the Maximum Benefit Period.<br><br>We must receive written notice of your death. See *Notice of Claim* in Section 6. |
| **Waiver of Premiums** | If you are totally and/or residually disabled for a continuous period of at least 90 days:<br>• we will waive premiums coming due during the disability; and<br>• we will refund any payments made for premiums due during the disability.<br><br>We will continue to waive premiums until you are no longer totally or residually disabled. While premiums are waived, this policy stays in force even though you do not pay premiums. Once premiums are no longer waived, this policy stays in force until the next premium due date. At that time premiums again become payable. |

5

## Section 4. Losses Not Covered

| | |
|---|---|
| **Pregnancy** | We do not cover disability or other loss resulting from childbirth or pregnancy except we cover disabilities due to:<br>• complications of pregnancy; and<br>• normal pregnancy or childbirth after the later of the 90th day of disability or the First Benefit Day.<br><br>Complications are physical conditions doctors consider distinct from pregnancy even though caused or worsened by pregnancy. An example of a complication is a non-elective caesarean birth. Examples of conditions that are not complications include false labor and morning sickness. |
| **War** | We do not cover disability or other loss resulting from any type of military conflict. This includes war, declared or not, or any act of war. |

## Section 5. Other Provisions Affecting Benefits

| | |
|---|---|
| **More Than One Disability at The Same Time** | In no event will you be considered to have more than one disability, total or residual, at the same time. Once a continuous period of disability starts, we consider it one period no matter what sickness or injuries cause it to continue. |
| **Continuous Periods of Disability** | A continuous period of disability ends when you are no longer totally or residually disabled. However, a later, separate period of disability will be considered continuous with a prior period if it:<br>• starts within 6 months after the end of the prior period; and<br>• results, in whole or in part, from the same or a related sickness or injury.<br><br>If periods of disability are considered continuous, they count as a single period. The total and residual disability portions of this period count toward the same:<br>• First Benefit Day; and<br>• Maximum Benefit Period.<br><br>*For example: Suppose the First Benefit Day is the 91st day of disability. You were disabled for 60 days and returned to work for 4 months. You then became disabled again from the same cause and were disabled for an additional 61 days. The periods would be considered continuous. You would receive benefits for 31 days. (The First Benefit day would be satisfied by 60 days from the first disability plus 30 days from the second disability).*<br><br>*For example: Suppose you suffer a heart attack. You receive total, then residual disability benefits for several months. You then return to work full-time, but 4 months later you are totally disabled by another heart-attack. The disability periods are considered continuous. You would receive benefits from the first day of this later period for up to the remainder of the Maximum Benefit Period.* |
| **Rehabilitation** | We will consider helping you pay the costs of a rehabilitation program if you are receiving disability benefits under this policy. You must send us a written request. The extent of our help will be determined by written agreement with you. Disability benefits will be continued during the rehabilitation program. |
| **Transplant Donor** | You might be disabled from the transplant of part of your body to the body of another. If the transplant occurs while this policy is in force, we will consider the disability as resulting from sickness. |
| **Disability Resulting from Injury** | We will cover a disability which starts within 30 days after the policy ends, provided it was caused by an injury which occured while this policy was in force. |

6

## Section 6. Claims for Benefits

For you to receive benefits, we must receive:
- written notice of your claim to benefits; and
- proof of your loss.

The details on how to claim benefits are discussed below.

| | |
|---|---|
| **Notice of Claim** | You or your beneficiary must give us written notice of claim within 20 days after any covered loss starts or as soon as reasonably possible. Someone acting for you or your beneficiary can give notice instead. Send notice to us or to any of our agents. The notice should include your name and policy number. |
| **Claim Forms** | When we receive your notice of claim, we will send you claim forms. These forms ask for facts that prove your loss. We will send you these forms within 15 days after you give notice. If we do not, we will accept your written proof of your loss. The proof must describe how the loss occurred, its nature and its extent. This proof must be given within the time stated under *Proofs of Loss* in this Section. |
| **Proofs of Loss** | You must give us written proof of loss within 90 days after: <br>• each total or residual disability period for which we are liable; or <br>• the occurrence of any other loss for which you are covered. <br><br>If you fail to give proof within this time because it is not reasonably possible, we will not reduce or deny your claim. But you must give proof of loss as soon as it is reasonably possible to do so. And you must give this proof within one year after the time limit unless you are legally unable to do so. |
| **Time of Payment of Claims** | After we receive proof of loss, we will pay monthly all benefits then due for total or residual disability. When disability ends, we will pay any balance due as soon as we receive proof of loss. <br><br>We will pay benefits for any other loss as soon as we receive proof of loss. |
| **Payment of Claims** | Benefits for loss of life, if any, will be paid to the named beneficiary. If none is named, we will pay such benefits to your estate. We will pay all other benefits to you. If we still owe you benefits at your death, we will pay your beneficiary or estate. <br><br>If any benefit is payable to your estate, we can pay up to $1,000 to any relative by blood or marriage we believe is entitled to it. The same applies for benefits payable to you or a beneficiary who cannot give a valid release. Any such payment we make in good faith fulfills our obligation to the extent of the payment. |
| **Physical Examinations** | We can require you to have a physical examination as often as is reasonable while a claim is pending. We will pay its cost. |
| **Legal Actions** | You cannot start any legal action against us for benefits until 60 days after you give required proof of loss. See *Proofs of Loss* in this Section. You also cannot start any legal action more than 3 years after the time limit for giving proof of loss. |
| **Change of Beneficiary** | You may name one or more beneficiaries to receive any accrued benefits or other amounts payable at your death. You can change the beneficiary at any time by giving us written notice. Unless the designation of the beneficiary is irrevocable, his or her consent is not required to: <br>• change the beneficiary; or <br>• make any other changes in this policy. |
| **Error in Age** | If your age has been misstated, the benefits under this policy will be those the premiums paid would have bought at the correct age. |

7

## Section 7. Your Premium Payments

| | |
|---|---|
| **When to Pay Premiums** | The premiums for this policy on its Date of Issue are shown in the policy schedule. Premiums are payable during your lifetime for the period shown in the policy schedule.<br><br>You can pay premiums annually, semiannually or quarterly. With our consent, you can pay on a monthly basis. But you cannot change to a less frequent payment plan while you are totally or residually disabled. |
| **Our Right to Increase or Decrease Rates After Age 65** | Premiums payable after age 65 will be based on our rates then in effect for insureds in your rate class. We have the right at any time after age 65 to change our rates for this policy. But we cannot change your rate class. Notice of any rate change will be given or mailed to you at least 31 days prior to the applicable premium due date. |
| **Grace Period** | After the first premium, you can pay any premium within 31 days after its due date. These 31 days are called the grace period. During this period this policy stays in force. |
| **Reinstatement** | If you do not pay a premium by the end of its grace period, this policy ceases to be in force. However, we may allow this policy to be reinstated.<br><br>If we or one of our agents later accepts the premium without requiring a reinstatement application, this policy is reinstated. If a reinstatement application is required, you will be given a conditional receipt for the premium. This policy is then reinstated as of the approval date if we approve your application. Lacking such approval, this policy will be reinstated on the 45th day after the date of the receipt if we do not send you notice of disapproval by then.<br><br>The reinstated policy will only cover disability or other loss resulting from:<br>• injury that occurs after the reinstatement date; or<br>• sickness that first makes itself known more than ten days after the reinstatement date.<br><br>In all other respects your rights and ours remain the same, subject to any riders added to this policy at the time of reinstatement. |
| **Premium Refund at Death** | We will refund that part of any premium paid which covers a period after your death. We must receive written notice of your death. See *Notice of Claim* in Section 6. |

## Section 8. Automatic Benefit Increase

This provides for increases in the Monthly Benefit for Total Disability subject to certain limitations. We will not require any evidence of insurability.

**Increasing Your Disability Benefit**

You can increase the Monthly Benefit for Total Disability shown in the policy schedule on each policy anniversary. The amount of the increase will be 5% of the Monthly Benefit for Total Disability in effect just prior to the anniversary. Premiums for the increase will be based on our rates in effect on this policy's Policy Date for your rate class on that date. But the premiums will be for your age on the increase date.

We must receive a written request and the additional premium for the increase:
- not earlier than the 60th day before the policy anniversary; and
- not later than the policy anniversary.

If you do not exercise the increase your refusal may affect your right to future increases. Please see *Termination and Renewal* in this section.

**Other Provisions Affecting Increases**

The following conditions apply to each increase in your monthly benefit:
- The increase will go into effect on the policy anniversary.
- No increase will be permitted if you are disabled on the policy anniversary. This will not count as a refusal of the increase.

**Termination and Renewal Provision**

This benefit will end on the earlier of:
- your refusal of two successive increases;
- the date when 6 increases have been exercised; or
- age 65.

If this benefit ends prior to age 65 it may be renewed subject to evidence of insurability.

## Section 9. Other Important Provisions

**Contesting This Policy**

*Misstatements in The Application*
We rely on the statements you make in your application. We will not contest those statements after this policy has been in effect for 2 years during your lifetime. Any length of time you are disabled is excluded in computing this 2 year period.

*Pre-Existing Conditions Limitations*
If disability starts or a loss is incurred more than 2 years after the Date of Issue, we will not reduce or deny the claim on the ground that a sickness or physical condition existed before this policy's effective date. This does not apply to any sickness or physical condition excluded from coverage by name or specific description.

9

| | |
|---|---|
| **Ownership and Transfer of Rights** | You are the owner of this policy unless otherwise shown in the application for this policy. We will send all notices under this policy to the owner. |
| | If the owner is other than you, the owner will have all rights which you would have had in connection with this policy. Any benefits payable under the Payment of Claims provision will be paid to the owner or the owner's estate. |
| | The owner can assign any rights the owner has under this policy. But no assignment is binding on us until we receive a copy of it. We are not responsible for the validity of any assignment. |
| **Your Right to Suspend Coverage During Military Service** | You have the right to suspend this policy if you enter full-time active duty in the United States armed forces. Active duty does not include training that lasts 3 months or less. You must send us written notice that you want to suspend. Coverage will cease as of the day we receive your notice. And we will refund that part of any premium paid covering the suspended period. |
| | If you end active duty within 5 years from the date this policy is suspended, you can reinstate this policy under this provision. You will not have to prove you are still insurable. The policy will be reinstated as of the date your active duty ends. You must send us written notice that you want to reinstate. And you must pay the required premium within 3 months after your active duty ends. Premiums will be at the same rate as if this policy had not been suspended. Your rights and ours under the reinstated policy will both be the same as under the policy before the date on which coverage was suspended. |
| **State Laws** | Any provision of this policy that, on the policy effective date, conflicts with state laws where you then reside is changed to meet the minimum requirements of those laws. Your rights and those of any person claiming benefits under this policy will be governed by the laws of New York. |
| **Annual Meeting** | While this policy is in force, you are one of our members. You have the right to vote, either in person or by proxy, at all our company meetings. The annual meeting is held at our Home Office on the first Tuesday of March. |
| **Receiving Dividends** | Each year we determine what share of surplus to pay as a dividend. This policy is credited with dividends, if any, on each policy anniversary it is in force. |
| | To make payment simpler, we usually use the dividend to reduce the premium then due. But you can have any dividend paid in cash by notifying us in writing. Also, we can choose to pay any dividend in cash rather than reduce your premium. |



# The Penn Mutual
# Life Insurance Company

Disability Income Division: Springfield, Massachusetts 01133

## Policy Amendment Rider

In this policy there is the provision *Continuous Periods of Disability*. The second sentence of the first paragraph under this provision is changed to read as follows:

**Continuous Periods of Disability**

However, a later, separate period of disability will be considered continuous with a prior period if it:

- starts within 12 months after the end of the prior period; and
- results, in whole or in part, from the same or a related sickness or injury.

This rider is a part of the policy to which it is attached.

*Isabel R. Wilson*
Secretary

*John E. Tait*
Chairman

84514

# Policy Schedule

### DISABILITY INCOME POLICY

Insured:   DOREEN MOGAVERO                    Policy Number:   H7686114

| BASIC POLICY BENEFITS - SECTION 3 | ANNUAL PREMIUM | PREMIUM PAYABLE TO PREMIUM DUE DATE ON OR NEXT AFTER |
|---|---|---|
| Total And Residual Disability | $5,596.12 | 65th Birthday |

```
Annual Premium Before Discounts          ----------
Annual Non-Smoker Discount                5,596.12
Annual Group Discount                      -557.61
------------------------------------------ -755.78
Total Annual Premium as of Date of Issue   4,282.73
```

Special Class Premium: The premiums shown in this policy schedule
include, where applicable, a special class premium charge.

### OTHER RIDERS AND ENDORSEMENTS
### (Rider and Stamp Numbers)

84314 (RIDER)